IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02401-BNB

CLIFFORD E. LEWIN,

    Plaintiff,

v.

WARDEN C. DANIELS,
CLINIC DIRECTOR ALLRED,
GERALD CHENEY, RN,
JOHN DOE(S) CLINIC DIRECTORS, and
JOHN DOE(S),

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Clifford E. Lewin, is in the custody of the federal Bureau of Prisons (BOP) and is incarcerated currently at the United States Penitentiary in Florence, Colorado. He has filed *pro se* a Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1331 and ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971). Mr. Lewin filed an amended complaint on October 19, 2011. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and has paid an initial partial filing fee.

    The Court will construe the amended complaint liberally because Mr. Lewin is not represented by an attorney. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellman***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. ***See Hall***, 935 F.2d at 1110. The Court has reviewed the amended complaint and has determined that it is deficient. Mr. Lewin

therefore will be directed to file a second amended complaint for the reasons discussed below.

Mr. Lewin alleges in his amended complaint that he injured his finger while incarcerated at USP-Victorville, California. On August 13, 2010, he presented to Defendant Nurse Cheney at USP-Victorville with a severely bruised finger and indicated that he thought the finger was broken. Plaintiff alleges that Defendant Cheney refused to x-ray Plaintiff's finger, even though Cheney's examination revealed that it might be broken. On December 10, 2010, Mr. Lewin arrived via transfer to USP-Florence, Colorado. He requested an operation on his finger because the black bruises had not healed. USP-Florence medical personnel x-rayed Plaintiff's finger on December 29, 2010, but Plaintiff was not advised of the results. Mr. Lewin alleges that his repeated requests for an operation have been denied. He asserts that Defendant Allred, who approves and schedules all medical operations at USP-Florence, has denied him adequate medical care in violation of his Eighth Amendment rights. Mr. Lewin alleges that his finger remains swollen to twice its normal size and that the tendons do not function properly, making it difficult to complete tasks. He alleges that he is gradually losing sensation in his finger and that in time his finger will be crippled permanently. Plaintiff further alleges that he now experiences constant soreness in the muscle group that controls the main tendon in the crippled finger. Mr. Lewin requests injunctive and monetary relief.

Mr. Lewin's Eighth Amendment claim is deficient because he fails to allege facts to show the personal participation of Defendant Warden Daniels in a violation of his constitutional rights. Mr. Lewin is advised that personal participation by the named

defendants is an essential allegation in a civil rights action.  ***See Kite v. Kelley***, 546 F.2d 334, 338 (1976).  Mr. Lewin therefore must show that each named Defendant caused the deprivation of a federal right.  ***See Kentucky v. Graham***, 473 U.S. 159, 166 (1985).  A supervisor, such as Warden Daniels, cannot be held liable merely because of his or her supervisory position.  ***See Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986);  ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for a constitutional violation that he or she has caused.  ***See Dodds v. Richardson,*** 614 F.3d 1185, 1199 (10th Cir. 2010).  Accordingly, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993); ***see also Richardson***, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 [or ***Bivens***] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting ***Rizzo v. Goode***, 423 U.S. 362, 371 (1976)).

Mr. Lewin is further advised that the Court lacks proper venue to review his claim asserted against Defendant Cheney, a prison nurse at USP-Victorville, California, because Mr. Cheney resides outside the State of Colorado and the alleged unconstitutional conduct involving Mr. Cheney occurred outside of Colorado.  Under 28 U.S.C. § 1391, the statute that provides for venue, paragraph (b) states that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State,

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Therefore, the claim is not properly before this Court and is subject to *sua sponte* dismissal.  *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). Alternatively, the court may exercise its discretion to cure jurisdictional and venue defects by transferring claims to a district where venue is proper, if such a transfer is in the interest of justice.  *Id.* at 1222-23 (citing 28 U.S.C. §§ 1406(a) and 1631).

Finally, Mr. Lewin may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Lewin uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Plaintiff, Clifford Lewin, file **within thirty (30) days from the date of this order,** a second amended complaint on the court-approved Prisoner Complaint form that complies with the directives in this Order.  It is

FURTHER ORDERED that Mr. Lewin shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Lewin fails to file a second amended complaint that complies with this order within the time allowed, the complaint and this action will

be dismissed without further notice.

DATED December 7, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge