IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02401-BNB

CLIFFORD E. LEWIN,

    Plaintiff,

v.

WARDEN C. DANIELS,
CLINIC DIRECTOR ALLRED,
GERALD CHENEY, RN,
JOHN DOE(S) CLINIC DIRECTORS, and
JOHN DOE(S),

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE TO
DISTRICT JUDGE AND TO UNITED STATES MAGISTRATE JUDGE

    Plaintiff, Clifford E. Lewin, is in the custody of the federal Bureau of Prisons (BOP) and is incarcerated currently at the United States Penitentiary in Florence, Colorado. He has filed *pro se* a Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Mr. Lewin filed an amended complaint on October 19, 2011. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and has paid an initial partial filing fee.

    On December 7, 2011, Magistrate Judge Boland found that the amended complaint was deficient because Mr. Lewin failed to allege the personal participation of each named defendant. Therefore, Mr. Lewin was directed to file a second amended complaint within thirty days. Mr. Lewin did not file a second amended complaint by the

court-ordered deadline. Instead, he filed a "Motion for the Actual Judge to Screen Plaintiff's Amended Complaint" (Doc. #20), along with a brief in support (Doc. #22). In his motion and brief, Mr. Lewin asserts that Magistrate Judge Boland has already predetermined the case against him, that the facts he alleges in the amended complaint are sufficient to state constitutional claims against each named Defendant, and that he does not have any additional facts to add in an amended pleading. Mr. Lewin also filed a Motion for an Enlargement of Time (Doc. #21) to submit a second amended complaint after the "actual judge" screens his amended pleading. The Court will deny the motion for enlargement of time as unnecessary, given Mr. Lewin's statements in Doc. #20 that he has no further factual allegations to support his claims. The Court will therefore address below the sufficiency of the amended complaint (Doc. #11), filed on October 19, 2011.

The Court finds initially that Mr. Lewin fails to allege any specific facts in Doc. Nos. 20 and 22 to show that Magistrate Judge Boland is biased against him and should recuse himself from this case. *See generally* 28 U.S.C. § 144; 28 U.S.C. § 455(a); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

The Court must construe the amended complaint liberally because Mr. Lewin is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his

unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Lewin is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the amended complaint, or any portion thereof, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the amended complaint and the action will be dismissed in part.

Mr. Lewin alleges in his amended complaint that he injured his finger while incarcerated at USP-Victorville, California. On August 13, 2010, he presented to Defendant Nurse Cheney at USP-Victorville with a severely bruised finger, and indicated that he thought the finger was broken. Plaintiff alleges that Defendant Cheney refused to x-ray his finger, even though Cheney's brief examination revealed that it might be broken. On December 10, 2010, Mr. Lewin was transferred to USP-Florence, Colorado. He requested an operation on his finger because the black bruises had not healed. USP-Florence medical personnel x-rayed Mr. Lewin's finger on December 29, 2010, but did not advise him of the results. Mr. Lewin alleges that his repeated requests for an operation have been denied. He further states that the USP-Florence hospital administrator told him that the standard for determining whether surgery will be authorized on an inmate's hand or arm is based on whether the inmate is able to dress himself. Mr. Lewin asserts that Defendant Allred, who approves and schedules all

medical operations at USP-Florence, has deprived him of adequate medical care in violation of his Eighth Amendment rights.  Mr. Lewin alleges that his finger remains swollen to twice its normal size and that the tendons do not function properly, making it difficult to complete tasks.  He asserts that he is gradually losing sensation in his finger and eventually his finger will be crippled permanently.  Plaintiff further states that he experiences constant soreness in the muscle group that controls the main tendon in the crippled finger.  Mr. Lewin requests injunctive and monetary relief.

Mr. Lewin cannot proceed with his constitutional claims against Defendant Warden Daniels.  Mr. Lewin alleges that Defendant Daniels is liable for the asserted constitutional deprivations because he is obligated to provide all inmates with adequate medical care.  Mr. Lewin also complains that Defendant Daniels ignored his administrative remedy requests concerning medical personnel's refusal to operate on his injured finger.

Mr. Lewin was warned previously by Magistrate Judge Boland that personal participation by the named defendants is an essential allegation in a civil rights action. *See Kite v. Kelley*, 546 F.2d 334, 338 (1976).  Mr. Lewin therefore must show that each named Defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their

'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). A supervisor cannot be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Moreover, the Tenth Circuit has held that "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, 307 Fed. App'x. 179, 193 (10th Cir. 2009) (unpublished).

Mr. Lewin has failed to allege an affirmative link between the alleged constitutional violations and Defendant Daniels. Because Mr. Lewin does not state any facts to show that Defendant Daniels personally participated in the alleged deprivation of his constitutional rights, Defendant Daniels is an improper party to this action and will be dismissed.

In addition, this Court is not the proper venue to adjudicate Mr. Lewin's claims against Defendant Cheney, a prison nurse at USP-Victorville, California, because Mr. Cheney resides outside the State of Colorado and the alleged unconstitutional conduct involving Mr. Cheney occurred outside of Colorado. Under 28 U.S.C. § 1391, paragraph (b) states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Therefore, the claim is not properly before this Court and is subject to *sua sponte* dismissal. *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). Alternatively, the Court may exercise its discretion to cure jurisdictional and venue defects by transferring claims to a district where venue is proper, if such a transfer is in the interest of justice. *Id.* at 1222-23 (citing 28 U.S.C. §§ 1406(a) and 1631). The Court declines to transfer the claims in lieu of dismissal because Mr. Lewin's sole allegation that Defendant Cheney failed to x-ray his finger during a brief examination constitutes a mere difference in opinion about the course of medical treatment Plaintiff received at USP-Vicksburg, particularly where Mr. Lewin was subsequently transferred to U.S.P.-Florence and received an x-ray at that facility. *See Perkins v. Kansas Dep't of Corrections,* 165 F.3d 803, 811 (10th Cir. 1999). Accordingly, Defendant Cheney will be dismissed as a party to this action for lack of proper venue.

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Lewin's claims against Defendant Allred and the John Doe Defendants do not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Defendant Warden Daniels is dismissed as a party to this action for Plaintiff's failure to allege his personal participation. It is

FURTHER ORDERED that Plaintiff's claims against Defendant Gerald Cheney are dismissed without prejudice for improper venue. It is

FURTHER ORDERED the Motion for an Enlargement of Time (Doc. #17), "Motion for the Actual Judge to Screen Plaintiff's Amended Complaint. . ." (Doc. #20) and Motion for an Enlargement of Time (Doc. #21) are DENIED. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  24th  day of    January   , 2012.

BY THE COURT:


　　　　　　　　　　　　　　 s/Lewis T. Babcock
　　　　　　　　　　　　　　LEWIS T. BABCOCK, Senior Judge
　　　　　　　　　　　　　　United States District Court