IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02401-MSK-CBS

CLIFFORD E. LEWIN,
    Plaintiff,
v.

CLINIC DIRECTOR ALLRED,
JOHN DOE(S) CLINIC DIRECTORS, and
JOHN DOE(S),
    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

THIS MATTER comes before the court on Defendant Allred's Motion to Dismiss (Doc. #42), filed March 13, 2012, and Plaintiff Clifford Lewin's Motion for Reconsideration (Doc. #43) filed March 22, 2012, along with his Brief in Support of Motion to Reconsider (Doc. #43). Plaintiff subsequently filed his Opposition Brief to Defendant's Motion to Dismiss (Doc. #48) on April 9, 2012. On June 21, 2012, Mr. Lewin filed a Motion for a Temporary Restraining Order (Doc. #52). Plaintiff concluded the briefing process with the filing of his Brief in Support of Plaintiff's Motion for Temporary Restraining Order (Doc. #53) on June 21, 2012. Defendant did not file a response to the motion for reconsideration or the motion for a temporary restraining order.

On January 24, 2012, the court issued an Order to Dismiss in Part and to Draw Case to District Judge and to United States Magistrate Judge (Doc. #23). The case was reassigned (Doc. #27) on January 26, 2012, to Judge Marcia S. Krieger, and referred to Magistrate Judge Craig B. Shaffer (Doc. #31) on February 7, 2012, to submit recommendations on all dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A). The court has carefully reviewed the motions, the related briefings and attached exhibits, the entire case file, and the applicable law. For the following reasons, I recommend that the

1

Motion for Reconsideration be denied, the Motion for a Temporary Restraining Order be denied, and the Motion to Dismiss be granted.

## I. BACKGROUND

The *pro se* Plaintiff, Clifford E. Lewin, is currently incarcerated at the United States Penitentiary (USP) in Florence, Colorado, with a projected release date of February 15, 2035 (Doc. #42-1 at 2 of 10). Mr. Lewin's Amended Complaint (Doc. #11), filed on October 19, 2011, named as defendants C. Daniels, the Warden of USP-Florence; Dr. Allred, the Clinic Director of USP-Florence; Gerald Cheney, a Registered Nurse at USP-Victorville; John Doe(s), Clinic Directors; and John Doe(s). The Amended Complaint invokes the court's jurisdiction pursuant 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Although Mr. Lewin does not clearly state in his Amended Complaint whether his claim against Defendant Dr. Allred is in his official or individual capacity; he clarifies in his briefings that he has not brought a claim against Dr. Allred in his official capacity. (*See* Doc. #48 at 7 of 13).

On January 24, 2012, Judge Babcock dismissed Plaintiff's claims against Defendants Warden C. Daniel and Nurse Gerald Cheney. (Doc. #23). The claim against Defendant Warden C. Daniels was dismissed on the grounds that Mr. Lewin failed to allege that he personally participated in the alleged deprivation of his constitutional rights. In addition, Plaintiff's claim against Nurse Cheney was dismissed for lack of proper venue. However, Judge Babcock determined that Mr. Lewin's claims against Defendant Allred and the John Doe Defendants were not appropriate for summary dismissal.

Plaintiff alleges in his Amended Complaint that he initially injured his finger while incarcerated at USP-Victorville, California. On August 13, 2010, he presented to Defendant Nurse Cheney with a visibly bruised finger and indicated that he believed his finger was broken. Plaintiff alleges that Nurse Cheney refused to x-ray his finger, even though Cheney's brief examination revealed his finger may have been broken. On December 10, 2010, Mr. Lewin was transferred to USP-Florence, Colorado. After Nurse Cheney's examination and before his arrival at USP-Florence on December 10, 2010, Mr.

2

Lewin suffered ongoing pain and disability in his finger.  Plaintiff requested an operation when he arrived at USP-Florence, based on his belief that his finger was broken because it remained unhealed after the bruises disappeared.  USP-Florence medical personnel x-rayed his finger on December 29, 2011, but did not advise him of the results or inform him that his request for an operation was denied.  Plaintiff alleges that repeated requests for treatment were denied, but states that Physician Assistant Cink concluded that no treatment was necessary after a consultation on April 6, 2011.

According to Mr. Lewin at least one USP-Florence hospital administrator told him that the standard for authorizing surgery on an inmate's hand or arm is whether the inmate can dress himself. (*See* Doc. #11 at 10 of 13).  Plaintiff asserts that Defendant Allred, who approves and schedules all medical operations at USP-Florence, deprived him of adequate medical care in violation of his Eighth Amendment rights.  Plaintiff states that his finger is swollen to twice its normal size and the tendons in the finger do not function properly, due to the ongoing lack of treatment.  As a result of the injury Plaintiff does not have full range of motion in his finger, suffers ongoing pain, and is unable to perform certain tasks.  Mr. Lewin asserts that eventually his finger will be irreparably damaged, as evidenced by the gradual loss of sensation in the finger.  Since June 7, 2011, Mr. Lewin has suffered from the constant soreness in the muscle group controlling the main tendon in his finger.  Plaintiff requests injunctive and monetary relief.

## II. STANDARD OF REVIEW

Defendant Allred moves to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Under Rule 12(b)(1) of the Federal Rules of Civil Procedure a court may grant a motion to dismiss for lack of subject-matter jurisdiction.  The federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear, *Madsen v. United States, ex rel. U.S. Army Corps of Eng'rs*, 841 F.2d 1011, 1012 (10th Cir. 1987), and therefore a court must find that it has subject matter jurisdiction as a threshold matter.  *See* U.S. Const. art. III, §2; *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994).  The court applies a rigorous standard of

review when presented with a motion to dismiss for lack of subject matter jurisdiction. *Consumers Gas & Oil, Inc. v. Farmland Indus., Inc.,* 815 F. Supp. 1403, 1408 (D. Colo. 1992). The burden of establishing subject matter jurisdiction rests with the Plaintiff. *Green v. Napolitano*, 627 F.3d 1341, 1344 (10th Cir. 2010) (citing *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a court may dismiss a claim for failure to state a claim upon which relief can be granted. To withstand a motion to dismiss, a complaint must contain enough facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). These facts must raise more than "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims…the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* The burden rests with the plaintiff to put forth "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Bell Atlantic Corp.*, 550 U.S. at 556. To meet this burden the plaintiff must present more than mere speculative evidence. *Id.*

Although Mr. Lewin bears the burden of demonstrating subject matter jurisdiction and stating a claim entitled to relief, in this case a more liberal pleading standard is applied to *pro se* litigants under Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Documents filed *pro se* are "liberally construed" and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Estelle v. Gamble*, 429 U.S 97, 106 (1976)); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir.

2007).  Despite this liberal pleading standard, the court cannot assume the role of a *pro se* advocate.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A *pro se* plaintiff is not relieved of the burden of "alleging sufficient facts on which a recognized legal claim could be based."  *Id.*

### III. ANALYSIS

#### A. EIGHTH AMENDMENT CLAIM

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.  It is well settled law that "the treatment a prisoner receives in prison…[is] subject to scrutiny under the Eighth Amendment."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  The range of activity in violation of the Eighth Amendment is limited to the unnecessary and wanton infliction of pain.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Estelle*, 429 U.S. at 104 ("deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'").  Every prisoner claiming he has not received adequate medical treatment does not state a violation of the Eighth Amendment.  *Estelle*, 429 U.S. at 105.

Deliberate indifference to an inmate's serious medical needs only violates the Eighth Amendment, if the claim establishes both the subjective and objective components of the two-pronged inquiry.  *See Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006); *see also Sealock v. Colo.*, 218 F.3d 1205, 1209 (10th Cir. 2000).  The objective inquiry asks whether "the alleged depravation [is] 'sufficiently serious' to constitute a deprivation of constitutional dimension."  *Self*, 439 F.3d at 1230 (quoting *Farmer*, 511 U.S. at 834).  The subjective inquiry asks whether the defendant had a "sufficiently culpable state of mind."  *Self*, 439 F.3d at 1231; *see also Farmer*, 511 U.S. at 837-838 (defendant must know of and disregard an excessive risk to inmate health or safety); *Wilson v. Seiter*, 501 U.S. 294, 298-299 (1991) (inquiry must be made into defendant's state of mind when it is claimed that the defendant has inflicted cruel and unusual punishment).

The Defendant contests the Plaintiff's characterization that the injury to his finger and the ongoing pain are sufficiently serious to implicate the Eighth Amendment.  Mr. Lewin asserts that he

5

feels ongoing discomfort in his finger and that the finger has become increasingly numb over time. (*See* Doc. #11 at 9 of 13). In addition, the Plaintiff asserts that his finger is broken because it is swollen to twice its normal size and connected crooked at the joint. (*See* Doc. #11 at 4, 9 of 13). For the purposes of the instant motion the court construes the facts in the light most favorable to the Plaintiff. Therefore, the court assumes without deciding that the Plaintiff plausibly pleads the objective element required for an Eighth Amendment claim.

With regards to the subjective prong, the court asks whether the Defendant acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 297). A plaintiff must show that the defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety." *Farmer*, 511 U.S. at 837. The subjective prong of an Eighth Amendment claim requires the plaintiff to plead facts demonstrating that the official was aware of facts from which an inference could be drawn that a substantial risk of harm existed, and that the defendant drew the inference. *Id.* Individual liability is premised on personal involvement in the alleged constitutional violation. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). Supervisory status alone does not create individual liability. *Id.* at 1069; *see Pembaur v City of Cincinnati*, 475 U.S. 469, 479 (1986) (a theory of respondeat superior is insufficient to hold a defendant liable). A plaintiff must show "an affirmative link ... between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Gallagher*, 587 F.3d at 1069 (quoting *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997). Plaintiff does not allege specific facts supporting the proposition that Dr. Allred was aware of the situation, reviewed his medical records, or somehow directly participated in the decision to deny treatment. In fact, Mr. Lewin has never met Dr. Allred and does not allege that Dr. Allred examined his finger. (*See* Doc. #11 at 11 of 13).

Throughout his briefings Mr. Lewin asserted disagreement with the adequacy of the examination of his finger and the proposed treatment, or lack thereof. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical

mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 106. A difference of opinion between an inmate and the prison's medical staff regarding treatment or diagnosis does not give rise to an Eighth Amendment claim. *See Perkins v. Kansas Dept. Corr.,* 165 F.3d 803, 811 (10th Cir. 1999); *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980); *see also Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006) (inmate has no right to a particular course of treatment). "[T]he question [of] whether an [x]-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. According to the Plaintiff's Amended Complaint, Nurse Cheney examined his finger on August 13, 2010, but did not perform an x-ray examination. (*See* Doc. #11 at 6 of 13). However, Mr. Lewin received an x-ray on December 29, 2011, and Physician Assistant Cink examined him a second time on April 6, 2011. (*See* Doc. #11 at 4 of 13). Contrary to these medical examinations, Mr. Lewin maintains that his finger was "probably broken." (*See* Doc. #11 at 4 of 13). "Is it not ipso facto that a broken bone needs fixing?!" (*See* Doc. # 43 at 2 of 19). In addition, Plaintiff stated in his Opposition Brief to Defendant's Motion to Dismiss that "Plaintiff [is] the only credible opinion on plaintiff's crippled finger" and "Allred, nor any other med[ical] doctor, is not a witness to plaintiff's finger." (*See* Doc. 48 at 6 of 13). These comments indicate a difference of medical opinion that is not actionable under the Eighth Amendment. Although Mr. Lewin believes his finger is likely broken and requires surgery, the medical professionals who examined his finger and took x-rays determined that no treatment was necessary. The court concludes on the basis of these facts that the Plaintiff has failed to allege facts sufficient to establish the subjective prong of a claim under the Eighth Amendment.

### B. QUALIFIED IMMUNITY

The doctrine of qualified immunity "shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 132 S.Ct. 2088, 2093 (2012); *see Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009). Whether a defendant is entitled to qualified

7

immunity is a legal question that the reviewing court resolves via a two-part inquiry. *See Pearson v. Callahan*, 555 U.S. 223, 232; *see also Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007) (when a defense of qualified immunity is asserted, the plaintiff bears a "heavy two-part burden"). "First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right." *Herrera*, 589 F.3d at 1070 (quoting *Pearson*, 555 U.S. at 232). "Second, ... the court must decide whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." *Herrera*, 589 F.3d at 1070 (10th Cir. 2009) (quoting *Pearson*, 555 U.S. at 232). Although qualified immunity applies unless the plaintiff satisfies both prongs of the inquiry, the reviewing court may exercise discretion in determining which of the two prongs to evaluate first in light of the facts of the particular case. *Herrera*, 589 F.3d at 1070.

In this case the court has concluded that the Plaintiff fails to state any Eighth Amendment violation by the Defendant. Therefore, the court need not determine whether the allegedly violated constitutional right was clearly established in order to grant dismissal in the Defendant's favor.

### C. JOHN DOE DEFENDANTS

Under the Rule 10(a) of the Federal Rules of Civil Procedure "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint *must name all the parties…*" Fed. R. Civ. P. 10(a) (emphasis added). The general rule is that the Federal Rules of Civil Procedure do not provide for fictitious or anonymous parties in lawsuits. *See Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000); *see also Watson v. Unipress, Inc.*, 733 F.2d 1386, 1388 (10th Cir. 1984); *Coe v. U.S. Dist. Court for the Dist. of Colo.*, 676 F.2d 411, 415-416 (10th Cir. 1982). There are exceptions to this rule; the courts permit plaintiffs to sue pseudonymously when "significant privacy interests or threats of physical harm [are] implicated by the disclosure of the plaintiff's name." *Nat'l Commodity and Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989); *see S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-713 (5th Cir. 1979). In addition to permitting plaintiffs to sue anonymously, courts permit

plaintiffs to sue unidentified defendants. *See, e.g.*, *Bivens*, 403 U.S. at 388. The information provided by Mr. Lewin regarding the John Doe Defendants was insufficient to identify the Defendants for the purposes of service. (*See* Doc. # 39 at 1 of 19). A plaintiff may proceed against a defendant whose name is unknown, if the complaint makes specific factual allegations sufficient to identify the unnamed defendant upon reasonable discovery. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Mr. Lewin stated in his Amended Complaint that he cannot determine the identity of the John Doe Defendants until discovery is granted. (*See* Doc. #11 at 11 of 13).

Although the Plaintiff cannot identify the John Doe Defendants, Plaintiff alleges that the John Doe Defendants misused authority properly delegated to Dr. Allred. (*See* Doc. #11 at 9 of 13). To the extent that the John Doe Defendants exercised supervisory authority similar to Dr. Allred, Plaintiff fails to allege facts sufficient to establish an Eighth Amendment claim against the John Doe Defendants. Mr. Lewin also alleges that the John Doe Defendants lied to Dr. Allred. (*See* Doc. #11 at 9 of 13). Despite this allegation Plaintiff does not allege personal participation on the part of the John Doe Defendants, because he is unaware of any harm they have caused. Mr. Lewin acknowledged he was unaware of any harm caused by the John Doe Defendants when he requested as relief, "[p]ermission to add John Does to this Complaint, as Plaintiff becomes aware of their [wrongdoing]." (*See* Doc. #11 at 8 of 13). Whether discovery will permit Plaintiff to identify the John Doe Defendants is irrelevant because he fails to allege a claim. As stated, *supra*, Plaintiff has not stated an Eighth Amendment claim upon which relief can be granted.

### D. MOTION FOR RECONSIDERATION

Mr. Lewin asks the court to reconsider Judge Babcock's Order to Dismiss in Part (Doc. #23) filed on January 24, 2012. The Plaintiff requests that the court reverse the dismissal of Defendants Warden C. Daniels and Nurse Gerald Cheney. In the alternative, Mr. Lewin asks that the court amend the complaint by adding Warden C. Daniels and Nurse Gerald Cheney as defendants.

The Federal Rules of Civil Procedure permit a litigant subject to an adverse judgment to "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The grounds for granting a motion to reconsider are three fold: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). When reviewing a motion for reconsideration it is not appropriate for the court to revisit previously addressed issues or consider new arguments that could have been raised in earlier briefing. *See Van Skiver*, 952 F.2d at 1243. In this case Plaintiff fails to allege any change in the controlling law. (*See* Doc. # 43). Although Mr. Lewin asserts that dismissing the claims against Defendant Cheney "would be manifest injustice" (Doc. #43), Plaintiff merely disagrees with the court's interpretation and application of the controlling law. As discussed, *supra*, a motion for reconsideration is not an opportunity to relitigate issues already decided by the court. Plaintiff has not put forth new evidence or presented legal arguments demonstrating clear error or manifest injustice.

### E. MOTION FOR TEMPORARY RESTRAINING ORDER

Mr. Lewin seeks a mandatory preliminary injunction requiring Defendant to perform a medical operation on his finger. (Doc. #52). Under Rule 65(b) of the Federal Rules of Civil Procedure, a court may only issue a temporary restraining order or preliminary injunction if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant." Fed. R. Civ. P. 65(b). In order to obtain a preliminary injunction, the moving party must demonstrate four factors: "(1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest." *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (citing *Att'y Gen. of Okla. v. Tysons Food, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and

unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

The purpose of a preliminary injunction is "merely to preserve the relative positions of parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). Because the purpose of a preliminary injunction is to preserve the status quo, three types of preliminary injunction are disfavored: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258-1259 (10th Cir. 2005) (quoting *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 977 (10th Cir. 2004); *see also RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) ("courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action–a mandatory preliminary injunction–before a trial on the merits occurs"). The preliminary injunction sought by Plaintiff constitutes a disfavored injunction requiring closer scrutiny for two reasons. First, Mr. Lewin's preliminary injunction requesting surgery alters the status quo. Second, although Plaintiff does not ask for all the relief he could recover at the conclusion of a trial on the merits of his claim; his request for a medical operation on his finger is a substantial portion of the relief he could recover.

Applying close scrutiny it is clear that Plaintiff will be unable to demonstrate a likelihood of success on the merits, because he fails to state an Eighth Amendment claim upon which relief can be granted. Based upon the available record, I find that Mr. Lewin has not sustained his heightened burden of establishing all of the required factors for injunctive relief.

IV.   **CONCLUSION**

Accordingly, the court recommends that Plaintiff's Motion to Reconsider (Doc. #43) be DENIED, Plaintiff's Motion for a Temporary Restraining Order (Doc. #52) be DENIED, Defendant's

Motion to Dismiss (Doc. #42) be GRANTED, the Doe Defendants be dismissed, and this civil action be dismissed for failure to state a claim to which relief can be granted.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar de novo review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation de novo despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED this 16th day of November, 2012.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge